Be seated, please. Next case of the morning, No. 17-10717, Mullen v. JPMorgan Chase. Mr. Pronsky. Good morning, Your Honors. Thank you. May it please the Court, Garrett Pronsky with the law firm of Pronsky, Goolsbee & Kathman for Mike Mullen. Your Honor, I want to start out kind of going through what I see as a big-picture analysis of this case and a big-picture problem with the ruling that came from the District Court. And when I say big-picture, what I'm looking at is a declaratory judgment action that was properly filed in the Texas state court. I don't think there's any question that this was a proper declaratory judgment and that it was properly filed in the state court in Texas. What happened then was this case was removed to federal court by Chase at a time when there was no case or when we filed the case in the Texas state court, there was no case pending by Chase. Chase then removed the Texas state court declaratory judgment action to federal court and then essentially filed a motion to dismiss it based on Trejo, which is primarily a federalism case, which has been cited by many other courts that refer to Trejo as a federalism case. And, Your Honor, this is why we started the brief saying something is rotten in the state of Denmark. I apologize in advance for using an overused analogy, but the overused analogy would be this is much like the person that shoots both of his parents and then complains about being an orphan. In this case, we have a proper state court declaratory judgment action. Chase removes it to federal court and then uses the doctrine of federalism to get the case dismissed. And what happened, Your Honor, as I was getting ready for the hearing in front of the district court, I actually did the boring grunge work of reading all the cases that they cited in their brief. And in particular, there was a footnote 31 in their brief that actually was about a page long in small print that actually listed out all of the cases that supported their motion to dismiss the case based on all of these cases, which are primarily federalism cases. And what I noticed as I was reading those cases is they basically fell into a decision tree, if you will. And that decision tree is essentially that what courts do when they're faced with a declaratory judgment action and the dismissal in the federal court is they look first to whether the declaratory judgment action is a proper declaratory judgment action. In other words, whether there's a justiciable controversy and those sorts of things. And I don't think there's any question about that in this case. Then essentially what the case law does is it bends at the road there. And one bend goes towards whether it's a federalism case and two, if it's not a federalism case. And what I noticed, and it's universal among these cases, if you go to all of these cases cited on their footnote 31, which is essentially all of the cases in this area, you find that where federalism is involved, in other words, where we're talking about a federal declaratory judgment action case, which is filed when there's a state court proceeding pending, then they use the Trejo factors, which are a pretty light standard, I would argue, for dismissal of a lawsuit. When there's no federalism involved, you go the other route. And when there's no federalism, then the courts are applying what they call a compelling circumstances test. And what is that compelling circumstances test? Under the case law, there are things such as, and I'll give you four examples, things such as bad faith, things such as the federal court doesn't have jurisdiction over all of the parties, compelling circumstance. In one case, a plaintiff delayed serving a lawsuit improperly. In another case, the plaintiff had not participated in a settlement in good faith. They're all sort of compelling circumstances. Well, is it good faith to file a declaratory judgment in Dallas when the party's agreement says they irrevocably consent to venue and jurisdiction in any state or federal court in Ohio? That's a great question, Your Honor, and the important, the operative word there is consent. That makes it under the case law, and we've cited a number of cases for this proposition. That, without any question and any doubt, makes that a permissive venue provision. It does not say you can't file someplace else. It just says you can file in Ohio. And I would note- Well, you can, but that doesn't mean the other side has to agree, right? You either, you can file in Ohio or you can file anywhere where venue is proper. And, Your Honor, I would say that this case, if there hadn't been a provision saying you can file in Ohio, and by the way, the same day these documents were executed by the parties, some of the documents said Ohio and some of them said New York. They were just form documents, and they are even inconsistent within the documents signed by the same parties on the same day. Some say New York, some say Ohio. But none of them say Texas. I'm sorry? None of them say Texas. That is correct. But I want to make this point very importantly. It doesn't have to say Texas. When it is permissive venue, then you can file in- Okay, but they are saying that you all had a drop-dead date to respond, and instead you ran out and filed this preemptive lawsuit. Correct. And, you know, judges usually have discretion to say, well, the first-in-time rule doesn't really apply when it's a, you know, kind of preemptive rush-to-the-courthouse sort of lawsuit. And so we'll defer to the more proper one, which is the Ohio. That doesn't seem that shocking to me. Okay, well, I kind of, if I respectfully take issue with a couple things you said. One is race to the courthouse. They waited over four years from the date of the maturity note to sue, number one, and number two- Are you complaining about that? Is your client complaining about that? Well, I mean, Your Honor, if, I mean, not to be glib, but if somebody's going to be sued, they want to get things resolved. Well, he could have resolved it by paying or working out a payment plan. Come on. Anyway. Okay, but if I said you have until June 8 to respond to my demand letter, and instead you run out and file a lawsuit on June 7, that's what I'm talking about. And you know that, Mr. Ponsky. That's the race to the courthouse we're talking about. We're not talking about over time. We're talking about in response to a demand letter. Y'all run out and try to get the benefit of the first-in-time rule. And a court saying, nah, you don't get to get the benefit of the first-in-time rule because of the way this really works. We'll make the true plaintiff the plaintiff and go to Ohio. I mean, putting aside the- to me, this isn't federalism and the orphan and all of this. This is pretty basic, and I don't find that an abuse by the district court. Why is that abusive? The reason it's abusive is because the federal district court specifically found there was no bad faith, and there is no other what the case law says is compelling circumstances to justify- Well, there is nothing bad about trying to get in the court you want to get in. I mean, I think it's good, clean fun, but the fact is the district court doesn't have to go with that and can say, well, we'll go with the real plaintiff in the real city that- or in the real state that y'all all agreed on. We didn't agree on that. You agreed on Ohio. We consented that that could be a venue, and that's an important distinction because- Okay. If I could take a minute, Your Honors, this is not just a maybe could have been filed in Texas case. This is 100% a Texas case. Other than there is a consent to be sued in Ohio, this is a Texas case. The defendant lives in Texas. The corporation had its principal place in business in Texas. The bankers were in Texas. The bank was in Texas. The loan documents were signed in Texas. The airplane that was purchased was hangered in Texas. It was bought in Texas. It was sold in Texas. There is absolutely no nexus to Ohio other than there was a consent to be sued in Ohio. How did that consent read? What are the exact words? It says, and I don't have it in front of me, but basically it says that the defendants irrevocably consent to be sued in Ohio. Words to that effect. Have I got that about right? Yes. And so, again, it's a consent provision. It doesn't take away the correctness of suing in Texas where all the witnesses were, where all the evidence was. And so that's why I'm so emphatic about this being a Texas case. This is 100% a Texas case. Let me just point out to you, because I know you're an expert in bankruptcy law and probably in this area also, the Trejo case was written before the panel of Brevely, Garwood, and Higginbotham. Judge Garwood being perhaps the great intellectual of our court historically, Judge Higginbotham having been the chair of the Federal Advisory or Judicial Conference Advisory Rules on Civil Procedure, and Judge Reveley being Judge Reveley. And I see nothing in here in his discussion of discretion under the Declaratory Judgment Act that says this only applies where there's a parallel state court proceeding. Quite to the contrary. It's the first factor. Well, excuse me. He says, but that's just one factor. It's just one out of four factors. But it's the first. Yeah, and also, Your Honor, and this is why this struck me so much when I was reading all the cases. And if you look at them, this is how the law is applied. If federalism is not involved, then there's got to be some compelling circumstance. And, Your Honor, when you said this is good, clean, fun filing in Texas, in my opinion, there – That's an expression, by the way, which I didn't mean to be misunderstood. Of course, it's very serious work that you are doing. No, and I didn't take it in anything other than what I believe you meant is that it was proper to file in Texas. No, my point is when there's two places you could be. Right. I mean, venue is a big deal in Texas within Texas. I mean, we all know that. And back in the workers' comp days, people would sit at phone booths to wait for the decision to come down so that the first to file would win and whatever. So I think venue is important. I think picking the court is important. I have no problem with that was what I meant to convey. Obviously, it's a serious matter and not fun per se. That said, there's nothing abusive about saying, well, we'll go with what the true plaintiff picked. So I don't know that it was bad faith for you all to file in Texas, but it was preemptive. And it was in response to a demand that gave you a deadline, and you kind of, you know, were trying to get ahead of that. And so, again, I'm not saying you did anything bad or evil or wrong, but what is abusive about picking a form you all all agreed on, permissive or otherwise, agreed on, that is the true plaintiff and that comports with the real timing here. I don't understand what's wrong with that. Why is that an abuse of discretion? Well, that's not what the judge wasn't picking, wasn't, we didn't, they're trying to dismiss our case in Texas. So this judge isn't. But that's because at that point there was an Ohio case. After we filed out. And the Ohio judge had denied a transfer of venue. Right. So in context, the judge is picking. Which judge? The judge in Texas. Judge Boyle. Is in context picking, saying, and so, again, when we are looking at whether a judge abused her discretion, we're having to look at the whole picture, right? And the whole picture is, you still have a forum to litigate these issues in Ohio, and it's the proper plaintiff in Ohio, and everybody agreed to Ohio as a forum. So what is abusive about what she did? The part that's abusive, Your Honor, is if you're, the part that's abusive is she dismissed a case that she shouldn't have dismissed, and she specifically said she was finding no bad faith. So you're not, so you are not objecting to the Trejo factors at this point. You're objecting to her application of them. I'm not objecting to the Trejo factors, but I'm finding that Trejo, and it's referred to by many cases that cite to Trejo as a federalism case. And I'm finding that cases where, and Trejo was a case where they were favoring a federal jurisdiction over a state court, a real true state court lawsuit that was pending. And this is not that case. This is the opposite. This was a state court case that was removed by the defendant to federal court versus a federal court in Ohio. This is not a federalism case, but, I mean, not even close. In fact, it's reverse federalism. I haven't said anything about federalism. My questions to you are just practical, and this kind of thing is practical. At some point, y'all are going to fight over the details of the case. Where are you going to do it? And I'm saying I don't find it abusive for that to be Ohio. Well, Your Honor, I think that's for you to decide, but I think that … Well, it's for the district court to decide unless it's an abusive discretion. I mean, that's what that standard review means. It's not for me to decide. Were I the trial judge, I might have had a different outcome. Right. And that probably would also not have been abusive discretion. So what I'm saying is that's what discretion is all about. And if there are two reasonable choices, then the person with the discretion gets to pick. It's only when there's one reasonable and one unreasonable, and they pick the unreasonable, that we have to step in. I understand that, Your Honor, but the Sherwin-Williams case, Fifth Circuit, and the Trejo case both say that that discretion is not unbridled. And that discretion is not exercised. What I'm arguing today is it's not exercised when there's no federalism and there's no finding of bad faith or compelling circumstance. And that's what happened in this case, is that there was no finding of bad faith, there was no compelling circumstance, there was no federalism involved, and the district court shouldn't have dismissed the case. Okay. You have time for rebuttal. Mr. Greer. May it please the court and counsel, the court should, in this case, reject the application of the Colorado River exceptional circumstance test in the context of this anticipatory declaratory judgment action, which, as the court has already noted on the record, was filed on the due date of a payment demand made by Chase in anticipation, in this case was filed in anticipation of a suit that was brought by Chase a mere three days later in the Southern District of Ohio. The court has focused on the sole and proper purpose of the case, which I think was pivotal to the district court exercising its discretion to decline to hear the case under the declaratory judgment act, and that is this Texas declaratory judgment action was not only preemptive, but it was filed solely for the purpose of trying to extinguish the appellant's indebtedness on a note and a guarantee by application of a Texas four-year statute of limitations. It did so against the backdrop of the facts that are developed in the brief and were thoroughly considered by the district court, and those facts were that the cause of action- I'm sorry. I didn't understand the brief to say that there was a concession here, that irrespective of whether it was tried in Texas, Ohio law would apply, and that's not an issue. Your Honor, the argument that is being made by the appellants is that by operation of the Ohio borrowing statute that the Texas four-year statute of limitations would apply to the action in Ohio. Chase contends that's an incorrect contention because when you look at the threshold necessities for application of the Ohio borrowing statute, it's one that the forum- it's one that the cause of action accrued in a forum other than Ohio, and it's two that that forum would apply a shorter statute of limitations than Ohio would apply. So I'm wrong to assume that the other side has conceded that they would apply the Ohio statute of limitations? No, Your Honor. That has not been conceded? That has not been conceded. Back to my argument. So Chase contends the law is clear that the causes of action accrued in Ohio. For that reason, the Ohio borrowing statute doesn't apply, but even more importantly than that, when we look at the choice of law provisions in the note and the guarantee on which Chase sued, that they, each and every one of them, both of them, say that Ohio law shall govern the construction, interpretation, and validity of those documents. Those documents also point out, as this court has already discussed in some detail, that all parties irrevocably consented to jurisdiction in Ohio. So it's been our contention all along that this declaratory judgment act was brought as a vehicle to try and apply Texas law, in this case a shorter statute of limitations that would apply in Ohio, to discharge those claims when Ohio law would apply either a six- or an eight-year statute of limitations. How was Ohio chosen as the forum for the case? Great question, Your Honor. Ohio is the principal place of business of Chase, and the entities, there were predecessor entities that were parties to the note or guarantee, but they merged into Chase, and at all times the principal place of business has been Ohio, and the documents so provided Ohio. Against the backdrop of this case, where the declaratory judgment act seeks to alter the law applicable to the dispute, which has been countenanced against by this court, in the Sherwin-Williams case, and before that the mission insurance case, it was mission insurance versus Puritan fashions, the court should not apply the Colorado River Doctrine. The Colorado River Doctrine is made crystal clear by Wilton. What's wrong with my analysis? I mean, if what we're looking at is did the judges produce their discretion, the totality of the circumstances are a race to the courthouse, that the true defendant won only because you had sent this demand letter, and they file on the day of or day before, whatever day it was, and that the proper place for this case would be the true plaintiff pick that you all had all agreed on. I mean, what's wrong with just saying, you know, that's not an abuse of discretion? I absolutely agree with your points. We contend clearly the district court applied the right discretionary analysis under Wilton and Brillhardt that it was not required to apply Colorado River analysis, irrespective of whether or not there was a parallel state court proceeding, because if we pierce to the bottom, Wilton and Brillhardt are very clear that federalism is but one of three considerations. The others are efficiency and judicial economy. I'm sorry, fairness and judicial economy. And when we look at the application of the Trejo factors here, they would operate on a fairness basis to disallow this conduct. They would operate on- Even if the conduct's not bad faith? Even if the conduct's not bad faith. Bad faith only applies under Colorado River abstention doctrine. It does not apply under Wilton-Brillhardt standard, which is embodied in Trejo. Trejo is Wilton-Brillhardt discretion brought forward. But the other big picture consideration, and this is something I pointed out to the district court, is why on earth does it make any sense to have two parallel federal district courts deciding the same issues at the same time when one is deciding a microcosm of the case, statute of limitations, and the other is deciding every aspect of the case, especially when the court that's deciding every aspect of the case is the court that was vested with venue by the agreement that the party signed and is the court that's closest to the choice of law issues because that court is sitting in Ohio and is much better in a position to determine these issues. But circling back, Justice, to your point, under an abusive discretion standard, there's absolutely no basis to question these findings. The test was a proper test. I may have heard opposing counsel even concede that he said that Trejo applies. Trejo is Wilton. It is Brillhardt. It's not Colorado River. If he's made that concession, then the only issue is whether or not under an abusive discretion the district court made the right decisions. And we consider the fairness and efficiency considerations aptly demonstrated that the court declined to entertain jurisdiction in this case. And as I pointed out moments ago, there's absolutely no cause for two federal courts to decide the same issues. And we don't have to ignore the fact that there's an Ohio case just because we're addressing a dismissal of a Texas case. In other words, when we're looking at the big picture, we're allowed to look at the fact that there's a case that can adjudicate all of this stuff and then some. Correct. And I would contend that that stands in favor of this for the reasons you pointed out earlier, is that the appellants are not being deprived of a federal forum to decide any of these issues. Well, they didn't want the federal forum. They wanted the Texas State Court. But, I mean, the point being, a forum. Correct. A fair forum to hear the dispute and it's going to come out how it's going to come out. Correct. And the court's decision, footnote two of the order denying the motion for reconsideration, the court clearly delineated this is a discretionary refusal to exercise jurisdiction because the parties are fighting over the exact same dispute in another suit pending before a sister federal district court better situated to dispose of all claims in issue rather than the one before this court, which is timeliness. Your Honor, for all of these reasons, we think that this court should affirm. I will delve in for but a moment into the whole concept that in the absence of parallel state court litigation that Trejo, the Wilton, Brillhart discretionary analysis can't apply. Sherman Williams decided that. Sherman Williams was very clear. Sherman Williams said that whether or not there's parallel state court litigation is but one non-dispositive factor that weighs into whether or not the court should decide those issues. It did so, Your Honor, if you look at Sherwin and you look at all of the cases that cite Sherwin, the district court, Texas cases, and they're not all. They're fifth circuit district court cases. They're not all cases in Texas. But footnote 62 in our brief collects those cases. And the logic and the really inescapable concept that Brillhart struck home is the absence of parallel state court litigation no more requires a court to exercise its discretion to hear the case than the presence of parallel state court action would require the court to dismiss. It's simply not an all or nothing proposition. The appellants here seek to kind of on a fundamental basis retread Sherwin Williams. There's no basis to do it. And for all of these reasons, we contend that this court should affirm the Northern District of Texas decision. Thank you. All right. Thank you, sir. Okay, Mr. Pronsky. Thank you. Just a couple of things. One, Judge Haynes asked what's wrong with the analysis that she cited. And one issue that I'm taking with it is, and it's been stressed several times, that the parties agreed to venue in Ohio. And the reason I take issue with that is I think agreeing to venue is the same as agreeing that it will be there, which is mandatory venue. And that's not what these documents said. No, I'm just saying it's not some weirdo place that you all never heard of and that isn't proper and all of that. I don't mean in any way to suggest that you had to go to Ohio, just that you were willing to go to Ohio. Right. But what we're talking about. Irrevocable consent. Irrevocable consent. That's right. So you still have your consent out there. It's irrevocable. It was consenting to an additional place to have venue. In other words, it didn't say we agree that that's the only place. Okay, and no one's saying that. That would be a different case. Right. But, Your Honor, what I'm taking issue with is, as you said, Ohio wasn't some weirdo place, but neither was Texas. No, and nobody's saying that, but that's why this is discretionary. Right. Okay, this is why you have trial judges. We have to make discretionary decisions, and as I said before, if there were two reasonable approaches, then the district judge gets to pick which one. It's only if the approach that the district court took was unreasonable that we step in. That is the nature of discretion. If I could pick A or B and I do, then we're good. It's only if I pick C that we have a problem, and that's just at the heart of abusive discretion and the heart of our standard of review here, which is important to me. Having been a trial judge and now being an appellate judge, I don't want to get in the middle of discretion unless it's abused. Okay. I understand that. Your Honor, the thing that I think this ruling from the district court flies into the face of and where I find it to be abusive is, number one, it was the first filed case in a proper jurisdiction where the court found there was no funny business and there was no bad faith. And when that happens under federal law in the federal cases, the concept of where the first filed case is is a big deal, and the judge, I think, ignored that. And number two, I find— What have you shown here? Excuse me. Go ahead. The other thing is that the cases make clear that the discretion to dismiss a case— and we're not really saying where is it better. We're saying we're going to dismiss this case that was a properly filed case. What showing did you make that it's inconvenience to the parties? Did you make sure they had to show another one just to say everybody's hearing Texas? That basically was the— How many witnesses were going to be needed? At that point, we didn't know, and we didn't make a presentation of exactly what witnesses were going to be needed, other than to say all of them are in Texas because everything happened in Texas other than we have a permissive venue provision in another state. But this is—everything that happened in this case happened in Texas. And did the other side concede that they had no witnesses in Ohio that they would call? I know they didn't concede that when we were arguing that point in Ohio, but I honestly don't remember if they— Did they suggest that there were? They suggested in the—I remember—I recall in the Ohio proceeding that they said they had two witnesses who essentially were clerks that did analysis of payments and things like that, which is somebody that could be in any state. But there was no substantive witness in Ohio for Chase. But what I'm going to close with is to say that what we're talking about, again, is not where is the best place to have this case tried. The dismiss—what we're hearing is should this case have been dismissed. And I think if this court agrees with the district court that it should be dismissed, I think what you're going to be finding is beyond what this court has found before because I don't think this court, unless federalism is involved, I don't think this court has dismissed these types of cases where there's no bad faith and there's no compelling circumstances where federalism is not involved. And I would challenge— And what's your answer to Sherwin-Williams? To what particularly in Sherwin-Williams? The holding. This court finds that a per se rule requiring a district court to hear a declaratory judgment is inconsistent with Brillhart and Wilson. The lack of a pending parallel state proceeding should not automatically require a district court to decide a declaratory judgment action. That's not what I'm arguing. I'm just saying where the principle of federalism is not involved, in other words, the principle of favoring a—not favoring a state court, where that principle is not involved, then this court has only dismissed cases when there are compelling circumstances such as bad faith, which this judge specifically said didn't exist in this case. Okay. Thank you. Thank you.